**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| JASON INDUSTRIES, INC., | ) | Case No. 20-22766 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. 27-3361977 | ) | |
| In re: | ) | Chapter 11 |
| JASON PARTNERS HOLDINGS INC., | ) | Case No. 20-22767 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. 27-3361977 | ) | |
| In re: | ) | Chapter 11 |
| JASON HOLDINGS, INC. I, | ) | Case No. 20-22768 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. 13-4099929 | ) | |

| | |
|---|---|
| In re: | Chapter 11 |
| JASON INCORPORATED, | Case No. 20-22769 (RDD) |
| Debtor. | |
| Tax I.D. No. 39-1756840 | |
| In re: | Chapter 11 |
| MILSCO, LLC, | Case No. 20-22770 (RDD) |
| Debtor. | |
| Tax I.D. No. 83-0897243 | |
| In re: | Chapter 11 |
| OSBORN, LLC, | Case No. 20-22771 (RDD) |
| Debtor. | |
| Tax I.D. No. 83-0905279 | |
| In re: | Chapter 11 |
| SCHAFFNER MANUFACTURING CO., INC., | Case No. 20-22772 (RDD) |
| Debtor. | |
| Tax I.D. No. 25-0950894 | |

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JASON INTERNATIONAL HOLDINGS, INC., | ) ) ) | Case No. 20-22773 (RDD) |
| Debtor. | ) ) ) |  |
| Tax I.D. No. 75-3027730 | ) ) |  |

## FINAL DECREE CLOSING THE CHAPTER 11 CASES

Upon the motion, dated October 28, 2020 (the "Motion")[1] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), for entry of a final decree closing the Reorganized Debtors' chapter 11 cases of pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, all as more fully set forth in the Motion; and upon the accompanying Closing Report dated October 28, 2020; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 1579a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 as a core proceeding pursuant to 28 U.S.C. § 157(b)(2) that this Court may decide by a final order consistent with Article III of the United States Constitution; and in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and, after due and sufficient notice of the Motion and the opportunity for a hearing thereon, there being no objections to the requested relief; and no additional notice or a hearing being required; and, after due deliberation, the Court having determined that that these chapter 11 cases have been "fully administered" for purposes of 11 U.S.C. § 350(a) and Bankruptcy Rule 3022 and should be closed; and such relief being in the best

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Motion.

3

interests of the Reorganized Debtors, their estates and creditors, and other parties in interest; now, therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, the Reorganized Debtors' chapter 11 cases identified on **Schedule 1** attached hereto are hereby closed; *provided*, *however*, that this Court shall retain such jurisdiction as is provided in Article XI of the Plan, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown pursuant to 11 U.S.C. § 350(b).

3. The Reorganized Debtors shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, including, for the avoidance of doubt, fees for the period from June 24, 2020 through and including the date of entry of this Final Decree (the "Cash Disbursement Period"). The Reorganized Debtors shall provide to the United States Trustee an affidavit indicating the cash disbursements that occurred during the Cash Disbursement Period (the "Cash Disbursement Affidavit") within ten (10) business days of entry of this Final Decree. The Reorganized Debtors shall remit payment of the outstanding quarterly fees described in this paragraph 3 within ten (10) business days of the date the United States Trustee receives the Cash Disbursement Affidavit to avoid any interest payments that may otherwise accrue thereon.

4. The services of Epiq are terminated effective upon Epiq completing the services set forth in this Order.

5. Epiq will prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c).

4

6. Epiq will box and transport all claims to the Federal Archives, at the direction of the Clerk's Office.

7. The above services to be rendered by Epiq shall be a charge to the estate.

8. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

White Plains, New York
Dated: November 9, 2020

*/s/Robert D. Drain*
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## Schedule 1

### Chapter 11 Cases to be Closed

| Debtor Name | Case Number |
|---|---|
| Jason Industries, Inc. | 20-22766 |
| Jason Partners Holdings, Inc. | 20-22767 |
| Jason Holdings, Inc. I | 20-22768 |
| Jason Incorporated | 20-22769 |
| Milsco, LLC | 20-22770 |
| Osborn, LLC Case No.; | 20-22771 |
| Schaffner Manufacturing Co., Inc. | 20-22772 |
| Jason International Holdings, Inc. | 20-22773 |